STATE v. GARY ALAN COLEMAN.

247 N. W. 2d 56.

November 12, 1976—No. 45937.

*C. Paul Jones,* State Public Defender, and *Robert Oliphant,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Richard G. Mark,* Assistant Attorney General, and *Paul E. Grinnell,* County Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant was charged with seven crimes: two counts of kidnapping, two counts of aggravated assault, sodomy, indecent liberties, and unau-

thorized use of a motor vehicle. The trial court dismissed the indecent liberties charge and the jury found defendant guilty of the remaining charges. Defendant, who is now incarcerated at the state prison, appeals from judgment of conviction and from the order denying his motion for a new trial. After careful consideration of the issues raised by defendant, we affirm.

Defendant's first contention is that he was improperly bound over to district court on the indecent liberties charge and that he was prejudiced by introduction of evidence relating to this charge. The short answer to this is that defendant could have challenged the bind-over by use of extraordinary writ before he entered his plea in district court. State v. Stark, 288 Minn. 286, 179 N. W. 2d 597 (1970), certiorari denied, 402 U. S. 930, 91 S. Ct. 1529, 28 L. ed. 2d 864 (1971). By failing to do so, he waived his right to attack the bind-over on appeal. State v. Noland, 298 Minn. 528, 214 N. W. 2d 355 (1973).[1] The other answer is that even if defendant had not been bound over on the charge, the state probably still could have introduced the evidence on the theory that it completed the story of what happened and was relevant to a determination of defendant's guilt of the other charges.

Defendant's other contentions are (1) that the prosecutor committed prejudicial misconduct in his opening statement, (2) that the trial court committed prejudicial error in instructing the jury that defendant had the burden of proving that he was intoxicated for purposes of the intoxication defense, (3) that evidence of his intoxication was such as to compel the jury to find him not guilty of the kidnapping and aggravated assault charges, and (4) that, apart from the issue of intoxication, there was insufficient evidence to support a guilty verdict on one of the kidnapping charges.

We do not believe that the prosecutor committed any serious misconduct in his opening statement. We do not reach the second issue because defendant did not object to the instructions. There is no merit to the two final contentions.

Affirmed.

---

[1] Under the Rules of Criminal Procedure, Rule 10.02, a defendant by entering a plea to a charge does not waive his right to attack the determination that he should stand trial on the charge. However, the rules did not become effective until July 1, 1975, after the prosecution in this case was commenced.